## 22    The Inhabitants of ORANGE *versus* The Inhabitants of SUDBURY.

Under *Prov. St.* 7 *Geo.* 3, *c.* 3, § 4, a person coming into a town to reside could not gain a settlement by an *implied* " approbation by the town of his dwelling there." Thus the acceptance by a town of a list of jurymen, as revised by the selectmen, which contained the name of a person who had come into such town to reside, is not such an " approbation " as is required by that statute.

The overseers of the poor of O. sent the following notice to those of S.: — " A. E. and wife and three children, who have their legal settlement in your town, is now chargeable to this town. This is therefore to notify you to remove said paupers," &c. The overseers of S. answered, " We acknowledge the receipt of your letter, &c. stating that A. E. is in your town on expense, &c. We are satisfied that he has not gained a settlement in our town. We therefore shall not pay any expense for his support." It was *held*, that the notice was sufficiently certain as to all the paupers ; but if insufficient, that the objection was waived by the answer.

THIS was an action brought to recover the expenses incurred in the support of Abel Eaton and his family, who were paupers. The following facts were agreed by the parties.

Samuel Eaton, the grandfather of Abel, had his settlement in Sudbury in 1773. In that year he removed to Worcester, where he resided till 1777, when he removed to Holden. He owned real estate in Holden from 1777 until 1791. In 1780, a meeting of the inhabitants of Holden was summoned by a

---

[1] See *Briggs* v. *Hosford*, 22 Pick. 288

Orange
<i>v.</i>
Sudbury.

warrant, in which was an article giving notice that the doings of the selectmen in relation to the jury box would be presented for their acceptance. The list of jurymen as revised by the selectmen, was accepted at this meeting. The name of Samuel Eaton was on this list. Abel derived his settlement from his grandfather, through his father who had removed to New Hampshire. Abel was born in New Hampshire, and resided there till after he was twenty-one years of age. He never resided in this Commonwealth until recently, when he came to Orange, and the expenses for which this suit was brought were incurred.

The notice from the overseers of the poor of Orange to those of Sudbury was as follows, — " Abel Eaton and wife and three children, who have their legal settlement in your town, is now sick and chargeable to this town. This is therefore to notify you to remove the said paupers or otherwise provide for them, &c." The answer of the overseers of the poor of Sudbury was as follows, — " We acknowledge the receipt of your letter of &c., stating that Abel Eaton is in your town on expense, which you have charged to the town of Sudbury. We have made every necessary inquiry respecting his legal settlement, and are satisfied that said Eaton has not gained a settlement in our town. We therefore shall not pay any expense for his support."

If the Court should be of opinion that the action could be maintained, the defendants were to be defaulted; otherwise the plaintiffs were to become nonsuit.

<i>Wells</i>, for the plaintiffs, referred to <i>Prov. St. 7 Geo. 3, c. 3,</i> § 4, which provides, that no person coming to reside in a town "shall gain an inhabitancy in such town by any length of time he or she may continue there without warning, unless such person shall first have made known his or her desire to the selectmen thereof, and obtained the approbation of the town at a general meeting of the inhabitants, for his dwelling there ; " and he contended, that as the statute must be construed strictly, the proceedings of Holden in relation to the list of jurymen, did not amount to such an approbation ; that the approbation must be expressly given upon an application for that purpose,

<i>Sept 29th.</i>

Orange
v.
Sudbury.

and in pursuance of an article in the warrant calling the town meeting.

It may be urged, that the notice is defective except as to Abel Eaton ; but even if it is so, the answer by the overseers of Sudbury is a waiver of any objection on this ground. *Embden* v. *Augusta*, 12 Mass. R. 307 ; *Shutesbury* v. *Oxford*, 16 Mass. R. 102

*R. E. Newcomb* and *H. G. Newcomb*, *contrà*, said that the acceptance by Holden of the list of jurymen as revised by the selectmen, was an approbation within the spirit, although not perhaps within the letter of the statute.

*Oct. 2d.*

*Per Curiam.* In order to gain a settlement under the *Prov. St.* 7 *Geo.* 3, *c.* 3, § 4, it was necessary for a person coming to dwell in any town to make known his desire to the selectmen, and to obtain the approbation of the town, at a general meeting of the inhabitants, for his dwelling there. There is no evidence that Samuel Eaton, the grandfather of Abel the pauper, ever made such an application to the selectmen of Holden ; and if the application was made, there is no evidence that it was laid before the town. It is said that putting his name into the jury box with the approbation of the town is sufficient ; but that clearly was not within the meaning of the statute. The legislature intended to prevent the gaining of an inhabitancy by the *implied* assent of the town.

The notice was sufficiently certain as to the children, there being but three ; but if it were otherwise, the defect would have been waived by the answer of the defendants. *Embden* v. *Augusta*, 12 Mass. R. 307.[1]

---

[1] See *Ware* v. *Williamstown*, 8 Pick. 388 , *Chichester* v. *Pembroke*, 2 N. Hamp. R. 530 ; *Dover* v. *Paris*, 5 Greenleaf, 430 ; *Uxbridge* v. *Sekonk*, *post*, 150.